

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-73,771-08 & 73,771-09

### EX PARTE KEVIN TATUM, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1042008-B & 1042008-C IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Tatum v. State*, No. 01-06-01190-CR (Tex. App.—Houston [1st Dist.] Aug. 29, 2008) (not designated for publication).

On October 5, 2016, we denied the -08 application. *Ex parte Tatum*, No. WR-73,771-08 (Tex. Crim. App. Oct. 5, 2016) (not designated for publication). We now reconsider that denial on our own motion and dismiss the -08 application.

In his -09 application, Applicant contends, among other things, that trial counsel failed to interview and call DeMarcus Carter as a witness at the guilt stage of his trial. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above ineffective assistance of counsel claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel was deficient for not interviewing and calling Carter as a witness and whether Applicant was prejudiced by counsel's alleged deficient conduct. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

The -09 application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 17, 2019
Do not publish